PEOPLE, PLAINTIFF AND APPELLEE, *v.* BANKS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Adultery.

No. 1378.—Decided April 25, 1919.

EVIDENCE—INCRIMINATING TESTIMONY.—The fact that the testimony of a witness tends to incriminate him does not entitle the parties to object to the evidence so introduced, for the privilege of refusing to testify pertains to the witness and not to the parties, and this rule is not varied by the fact that the witness may have testified under compulsion.

The facts are stated in the opinion.
*Mr. Manuel A. Martínez* for the appellant.
*Mr. S. Mestre, Fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On June 10, 1918, the District Court of Guayama entered a judgment of conviction against the defendant-appellant, Tomás Banks, and sentenced him to one year in jail, without costs, on an information charging him with the crime of adultery in that, on April 17 of the same year, within the judicial district of Guayama, he unlawfully, wilfully and maliciously had carnal intercourse with. Mónica Pagán, who was not his wife, the said Tomás Banks being married to Herminia Vega.

From this judgment the defendant appealed to this court and set up the following grounds in support of his appeal:

(a) That the court erred in refusing to give the instruction asked for by the defendant while witness Mónica Pagán was testifying when the prosecuting attorney asked her the following question: "What were you doing there with Tomás Banks just before your father arrived and what had you been doing there?"

(b) That the judgment is contrary to the evidence.

(c) That the judgment is contrary to law.

From the statement of the case it appears that counsel for the defendant objected to the said question which was asked witness Mónica Pagán by the prosecuting attorney and asked that the court instruct her of her right not to answer a question if the answer could incriminate her, and that the judge instructed her that although she had the right to refuse to answer such questions, she was under the obligation as a witness to tell the truth, and therefore she should tell the whole truth. The defense took exception to that instruction for the reason that the witness would become an accomplice in the crime if she testified to facts that incriminated her. The witness did not answer the question although she was ordered to do so by the court, and the prosecuting attorney having insisted, to further questions put by him she answered, over the objection of the defense,

that the doors of the schoolroom in which they were were closed, but she did not know who had closed them, and that she was there alone with Banks. She refused to say what she was doing there, explaining that she could not testify before so many people, and then the judge told her that if she did not answer the question he would send her to jail for contempt of court. Notwithstanding this, the prosecuting attorney, after having the permission of the court to ask some leading questions, asked her if they had carnal intercourse there and she ended by answering in the affirmative.

Section 164 of the Law of Evidence provides, among other things, that a witness "need not give an answer which will have a tendency to subject him to punishment for a crime or misdemeanor." Witness Mónica Pagán was really an accomplice in the said adultery, but only Tomás Banks was charged with the offense and she could claim her right not to testify; but she did not, and it was no good ground for objection by the defendant that the evidence incriminated the witness, for such objection could be raised only by the witness for her own protection and in her own behalf. *Brown v. State,* 20 S. W. Rep. 924.

This question was a matter of careful study in the case of *Samuel* v. *People,* 45 N. E. Rep. 728, in which, citing numerous authorities on the point, it was held that when the witness is compelled to answer, although he may have objected, that is not a ground of objection on the part of any of the litigants, for the privilege is that of the witness and if he waives it that is his own affair, there being no difference whether he gives his testimony voluntarily or under compulsion, because if ordered to testify in a case where he is privileged, it is a matter exclusively between the court and the witness, who may stand out and be committed for contempt, or may submit; but the party has no right to interfere or complain of the error.

As will be seen, the error committed by the court of Gua-

yama, if any, in ordering Mónica Pagán to testify and threatening her with imprisonment, cannot be assigned by the appellant as a ground of appeal.

The testimony of Mónica Pagán that she had carnal intercourse with the defendant was corroborated by the testimony of witness Pedro Pagán.

Pedro Pagán, the father of Mónica, said: "That upon entering the school-house by the yard door he saw his daughter coming out from behind a door, which he pushed, and there saw the defendant, whom he slapped several times; that the school house was closed at the front and there were only two back doors open, the gate being also closed; that there was nobody else in the room and when he entered the defendant and his daughter were alone; that immediately he informed the school board of the occurrence and afterwards sent for doctor Mehrhof who examined her."

The defendant admitted that if Dr. Mehrhof were called he would testify that he had examined Mónica Pagán and she was not a virgin.

Witness Inés Vázquez, the janitor of the school, testified that Mónica Pagán, when her father arrived, went away running and the father gave several blows to Tomás Banks and that when she entered Banks was saying to Pagán: "Don Pedro, don't strike me so much, kill me outright."

The testimony of Mónica Pagán together with that of witness Pedro Pagán tending to show the connection of the defendant with the commission of the crime, even discarding the rest of the evidence examined at the trial, is sufficient to sustain the judgment; therefore the judgment is not contrary to the evidence. Nor is it contrary to law, for all the elements of adultery as defined and penalized by section 269 of the Penal Code are present in the case.

The judgment must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.